# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXEL INC.<br>D/B/A DHL SUPPLY CHAIN (USA)<br>570 Polaris Parkway<br>Westerville, OH 43082<br><br>    Plaintiff,<br><br>    v.<br><br>THE CHEMOURS COMPANY FC, LLC<br>1007 Market Street<br>Wilmington, Delaware 19899<br><br>    Defendant. | C.A. No.<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

For its Complaint against The Chemours Company FC, LLC ("Chemours"), Plaintiff Exel Inc. d/b/a DHL Supply Chain (USA) ("DHL") alleges and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. DHL is a corporation organized under the laws of Massachusetts, with its principal place of business located in Westerville, Ohio.

2. Chemours is a limited liability company organized under the laws of Delaware, with its principal place of business at 1007 Market Street, Wilmington, Delaware 19899.

3. This Court has personal jurisdiction over Chemours because Chemours is organized under Delaware law, resides in this state, and transacts business in this state.

4. This Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorneys' fees.

5. Venue properly lies in this district under 28 U.S.C. §§ 1391(b) because Chemours resides here, and because a substantial part of the events or omissions giving rise to the claim occurred here.

## FACTS COMMON TO ALL CLAIMS

6. DHL is a supply chain and logistics company, providing a range of supply chain management and warehousing services throughout the United States.

7. Chemours is part of a family of chemical manufacturing companies based in, and organized under the laws of, Delaware.

8. On or about February 1, 2009, DHL and Chemours entered into a Master Contract, which became effective through assignment on February 1, 2015 (the "Master Contract").

9. Pursuant to and subject to the terms of the Master Contract, DHL and Chemours entered into a site schedule agreement effective December 31, 2016, governing certain warehouse services to be provided by DHL for the benefit of Chemours, including at 7685 Kiln-Delisle Road, Pass Christian, Mississippi (the "Delisle Schedule").

10. On or about August 14, 2017, DHL and Chemours entered into a Cooperation and Transition Agreement (the "CTA," attached hereto as Exhibit 1), with the purpose of winding down and ultimately terminating the Delisle Schedule.  In relevant part, the CTA provided that the Delisle Schedule would be terminated as of 11:59 pm CDT on November 14, 2017.

11. In the CTA, Chemours agreed to pay DHL a termination payment of $1,050,000.00 (the "Termination Payment") on or before November 29, 2017.

12. On September 1, 2017, the parties amended the CTA, but that amendment had no effect on Chemours' obligation to pay DHL the Termination Payment by November 29, 2017.

13. Chemours failed to pay DHL the Termination Payment.

14. Following Chemours' failure to pay DHL the Termination Payment, DHL repeatedly requested that Chemours remit the Termination Payment.

15. Chemours refused to remit to DHL the Termination Payment, instead relying on erroneous contentions that have no bearing on the Termination Payment or Chemours obligation to pay DHL the Termination Payment.

16. For example, Chemours has asserted a number of claims for alleged lost or damaged inventory.

17. However, Chemours' obligation to pay the Termination Payment is not conditioned upon resolution of any claims for lost or damaged inventory, and is not contractually subject to offset against any claims for lost or damaged inventory. Nothing in the CTA allows Chemours to fail to pay DHL the Termination Payment based on any claimed lost or damaged inventory.

18. In fact, the Delisle Schedule reveals that Chemours reliance on allegedly lost inventory is specious. At the time of the Delisle Schedule, Chemours was aware and acknowledged that the integrity of the inventory that DHL was taking over from Chemours' previous warehouseman was in serious doubt.

19. To address this concern, under Section II(7) of the Delisle Schedule, the parties expressly agreed that DHL would have no liability to Chemours for lost inventory until the inventory problems created by Chemours' previous warehouseman were fully understood and accounted for.

20. In particular, Chemours and DHL agreed in Section II(7) of the Delisle Schedule that DHL would not incur any liability for loss or damage of cargo or inventory until (1) DHL

3

completed a cycle counting process, <u>and</u> (2) any necessary adjustments were made to the electronic inventory records in order to reflect the results of the cycle counting process.

21. Pursuant to the Delisle Schedule, DHL began cycle counting in a timely manner, but the Delisle Schedule was terminated before cycle counting was completed.

22. In addition, no adjustments were ever made to the electronic inventory records as a result of findings in the cycle counting process.

23. Accordingly, DHL did not assume liability for lost or damaged cargo or inventory at any time, pursuant to the terms of the Delisle Schedule. Therefore, Chemours' excuse for not paying DHL the Termination Payment is both irrelevant to the Termination Payment and erroneous.

## COUNT ONE: BREACH OF CONTRACT

24. DHL hereby incorporates all of the foregoing allegations by reference as though fully set forth herein.

25. The CTA is a valid and enforceable contract. In the CTA, Chemours agreed to pay DHL the Termination Payment.

26. DHL fulfilled its obligations under the CTA and all of the parties' agreements.

27. Chemours has breached its obligation in the CTA to pay DHL the Termination Payment.

28. As a result of Chemours' breach, DHL has been damaged in an amount to be proven at trial, totaling no less than $1,050,000.00, plus interest, attorneys' fees, costs, and such other relief as this Court may deem appropriate.

## COUNT TWO: DECLARATORY JUDGMENT (28 U.S.C. § 2201)

29. DHL hereby incorporates all of the foregoing allegations by reference as though fully set forth herein.

30. An actual and substantial controversy exists between DHL and Chemours as to the parties' respective rights and obligations under their agreements and applicable law.

31. DHL and Chemours are interested parties, as they have a stake in the outcome of this declaratory judgment action, and they have adverse legal interests.

32. DHL faces imminent injury that is concrete, particularized, and can be redressed by declaratory relief, which would clarify the rights of the parties.

33. DHL contends that Chemours is contractually obligated to remit the Termination Payment.

34. DHL further contends that Chemours' obligation to remit the Termination Payment is not affected by any claims for lost or damaged cargo or inventory.

35. DHL further contends that DHL did not assume any liability for lost or damaged cargo or inventory in connection with the Delisle Schedule.

36. DHL is entitled to a declaration, having the force and effect of a final judgment or decree, that Chemours must immediately remit payment of the Termination Payment, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, DHL hereby demands judgment as follows:

a) Damages in excess of $1,050,000.00 in an amount to be proven at trial;

b) Attorneys' fees, expenses, and court costs as provided by law;

c) A declaration that Chemours must immediately remit payment of the Termination Payment, plus interest;

d) Such other and further legal and equitable relief as the Court deems just, equitable, and proper.

Respectfully submitted,

*/s/ Christopher Viceconte*
Christopher Viceconte  (No. 5568)
GIBBONS P.C.
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801
Tel: (302) 518-6322
Fax: (302) 397-2050
cviceconte@gibbonslaw.com

Anthony C. White (*pro hac vice* admission will be requested)
THOMPSON HINE LLP
41 South High Street, Suite 1700
Columbus, Ohio 43215
Tel:   (614) 469-3200
Fax:   (614) 469-3361
Tony.White@thompsonhine.com

*Attorneys for Plaintiff*

Dated:  August 1, 2018

**DEMAND FOR JURY TRIAL**

DHL hereby demands a trial by jury on all issues so triable.

*/s/ Christopher Viceconte*
Christopher Viceconte  (No. 5568)

Dated:  August 1, 2018